FILED
NOV 0 9 2026
CLERK, U.S. DISTRICT COURT
TEXAS EASTERN

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| Boris Wesley Wilson, | § | |
| Plaintiff, | § | Civil Action No. 4:26-cv-1669-ALM/BD |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| AssetCare, LLC, | § | |
| Defendant. | § | |

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

## I. INTRODUCTION

1. This is a civil action for actual damages, statutory damages, costs, and other relief under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

2. Plaintiff Boris Wesley Wilson brings one claim against Defendant AssetCare, LLC for communicating a collection account to TransUnion after learning that Plaintiff disputed it, without communicating the dispute.

## II. JURISDICTION AND VENUE

3. This Court has federal-question jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

4. Venue is proper in the Sherman Division under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this claim occurred in Denton County, Texas. Plaintiff resides there, reviewed the challenged reporting and disputed the account from there, and suffered the resulting harm there.

5. Defendant is subject to personal jurisdiction in Texas because it purposefully directed the debt-collection and credit-reporting activity at issue toward Plaintiff, a Texas resident.

6. This action is timely because the challenged post-dispute reporting occurred within one year before the filing of this Complaint.

## III. PARTIES

7. Plaintiff Boris Wesley Wilson is a natural person residing in Little Elm, Denton County, Texas. He is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8. The account identifies BSA Hospital as the original creditor and concerns an alleged obligation for personal medical services. The alleged obligation was incurred primarily for personal, family, or household purposes and is a "debt" under 15 U.S.C. § 1692a(5).

9. Defendant AssetCare, LLC is a limited liability company engaged in collecting consumer debts, including medical collection accounts. Upon information and belief, the principal purpose of its business is the collection of debts. Defendant is a "debt collector" under 15 U.S.C. § 1692a(6).

10. Upon information and belief, Defendant obtained the alleged BSA Hospital account for collection after it was allegedly in default. Defendant appeared on Plaintiff's TransUnion credit information as "ASSETCARE LLC."

## IV. FACTUAL ALLEGATIONS

11. Before September 25, 2026, Plaintiff had disputed this account multiple times. Those efforts did not resolve his dispute. The account remained on his credit information, and his disputes were ignored or the account was reported as verified.

12. On September 25, 2026, Plaintiff reviewed his TransUnion credit-report information through Credit Karma and saw Defendant's collection account still reporting without a notation that he disputed it.

13. The account showed a balance and highest balance of $650, an opened date of March 27, 2026, and BSA Hospital as the original creditor. It was listed as open and derogatory, with the remarks "Placed for collection." The displayed reporting date was September 20, 2026. A copy of this screenshot is attached as Exhibit A.
14. On September 25, 2026, Plaintiff called Defendant and spoke with its representative about this collection account. During that call, Plaintiff clearly communicated that he disputed the account being reported.
15. Plaintiff's statements communicated an actual disagreement with the account. The representative knew or should have understood that Plaintiff was disputing the alleged debt. Through this call, Defendant received notice of Plaintiff's dispute.
16. On or about October 29, 2026, Plaintiff checked his TransUnion credit information through Credit Karma again. The same $650 AssetCare collection account still appeared without a notation that he disputed it.
17. This later account display identified October 25, 2026 as the reporting date, which was after Plaintiff's September 25 telephone dispute. The remarks still stated "Placed for collection" without identifying the dispute. A copy of this screenshot is attached as Exhibit B.
18. Based on the later reporting date and the continued omission of a dispute notation, Plaintiff alleges on information and belief that Defendant furnished, updated, or confirmed the account information to TransUnion on or about October 25, 2026 without communicating that the account was disputed.
19. At the time of that communication, Defendant knew or should have known of the dispute because Plaintiff had already communicated it directly to Defendant's representative.

20. The disputed status of an account is material to how others understand the collection information. Omitting the known dispute presented Plaintiff's account without disclosing that he challenged it, creating the misleading impression that the collection was undisputed.

21. These events occurred while Plaintiff was preparing for his daughter to come live with him in Texas because his former wife was experiencing health problems. Plaintiff needed a larger place to live and reliable transportation to support that transition.

22. On November 3, 2026, Plaintiff applied for an American Express Blue credit card to help with the expenses associated with his daughter moving into his home. His application was immediately denied.

23. On November 5, 2026, Plaintiff applied for vehicle financing through Carvana. He received an approval requiring a $7,690 down payment, which he could not afford. The approval therefore did not provide financing he could use to obtain the vehicle.

24. Plaintiff alleges on information and belief that Defendant's collection reporting, presented without the known dispute, contributed to these unfavorable credit outcomes. Plaintiff does not allege that Defendant was the sole cause of either decision or of every negative item in his credit history.

25. The unresolved reporting and difficulty obtaining usable credit caused Plaintiff substantial emotional distress during an already difficult family transition. He was distressed about his ability to provide the housing, transportation, and financial support his daughter needed.

26. Plaintiff experienced emotional pain and symptoms of depression. His distress was significant enough that he sought counseling through the community counseling program at Dallas College.

27. Seeing Defendant continue to report the account without acknowledging his dispute, after he had repeatedly tried to address it, contributed to Plaintiff's distress and sense that his efforts were being ignored.

28. Plaintiff spent many hours reviewing credit information and pursuing disputes in an effort to correct the reporting. After those efforts failed to resolve the problem, he also spent time learning the legal process to seek relief.

29. Defendant's failure to communicate the known dispute contributed to harm to Plaintiff's credit reputation, loss of credit opportunities, emotional distress, and time spent attempting to address the misleading reporting.

## V. CLAIM FOR RELIEF

### Violation of 15 U.S.C. § 1692e(8)

30. Plaintiff incorporates paragraphs 1 through 29 as though fully stated here.

31. Defendant was acting as a debt collector in connection with collection of the alleged consumer debt described above.

32. Under 15 U.S.C. § 1692e(8), a debt collector may not communicate credit information it knows or should know is false, including failing to communicate that a disputed debt is disputed.

33. Plaintiff's September 25, 2026 telephone dispute gave Defendant notice of the dispute. The duty under § 1692e(8) depends on whether Defendant knew or should have known of the dispute and does not require a written dispute within the initial thirty-day validation period.

34. After receiving that notice, Defendant communicated collection information to TransUnion without communicating the dispute, including the reporting reflected by the October 25, 2026 reporting date.

35. By omitting the known dispute from its subsequent communication, Defendant conveyed materially misleading credit information and violated 15 U.S.C. § 1692e(8).

36. As a direct and proximate result of Defendant's conduct, Plaintiff suffered actual damages, including emotional distress, injury to credit reputation, lost credit opportunities, and time spent attempting to correct the reporting, to the extent recoverable and proven at trial.

37. Plaintiff seeks damages attributable to Defendant's conduct, including its contribution to the harm described above. He seeks actual damages, additional statutory damages, and the costs and other relief available under 15 U.S.C. § 1692k.

## VI. JURY DEMAND AND PRAYER FOR RELIEF

Plaintiff demands a trial by jury on all issues so triable. WHEREFORE, Plaintiff respectfully requests judgment against Defendant as follows:

A. Actual damages under 15 U.S.C. § 1692k(a)(1), in an amount to be determined at trial;

B. Additional statutory damages up to $1,000 under 15 U.S.C. § 1692k(a)(2)(A);

C. Costs of this action and reasonable attorney's fees if counsel is retained and such fees are recoverable under 15 U.S.C. § 1692k(a)(3);

D. Prejudgment and post-judgment interest as allowed by law; and

E. Any other relief the Court deems just and proper and authorized by law.

Respectfully submitted,

Boris Wesley Wilson
Plaintiff, Pro Se
609 Windward Dr
Little Elm, TX 75068
Telephone: 601-594-3267
Email: jwbeauties11@gmail.com
Date: 11/06/2026